McClelland v. Payne and Anderson.

W. C. McClelland *et al.* v. Banyan Payne and C. L. Anderson.

1. Title. *When vendor's lien not retained. Subsequently acknowledged.* A purchaser under an execution sale for the benefit of a judgment creditor has a superior title to a purchaser under a proceeding in chancery to enforce a vendor's lien for unpaid notes held by an assignee when no express lien is retained on the face of the deed, but an instrument, executed, acknowledged and registered, subsequent to the bringing of suit by the judgment creditor, but prior to the condemnation of the land, which instrument recites the execution of the deed, a failure to retain an express lien by omission or oversight, and an agreement to correct, is proven.

2. REFORMATION OF DEED. *Jurisdiction of chancery. Proof.* A court of equity has power to reform a deed, but the parties must be before the court, with opportunity to be heard, and the case must be made out by ample and satisfactory proof.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

HEISKELL & WEATHERFORD for complainants.

TAYLOR & CARROLL for defendants.

DEADERICK, C. J., delivered the opinion of the court.

In 1871, H. P. Shaw sold to W. Boult one hundred acres of land in Shelby county, and made to him an absolute deed for the same. Three notes were executed to the vendor by the vendee for a balance of the purchase money, aggregating $1,400. In a few days after the sale and conveyance, Shaw sold these notes to defendant Payne, and assigned them, by writing on the back of each, that he assigned the notes and the lien upon the land. Boult went into possession of the land and afterward sold fifty acres of it to one Hill.

On February 13, 1875, complainants obtained three judgments against Boult on said notes, before a justice of the peace of Shelby county, for about $400. Executions were issued and levied on fifty acres of the one hundred acre tract still held and owned by Boult. The justice's papers were returned to the circuit court to May term, 1875, for condemnation of the land.

McClelland *v.* Payne and Anderson.

Boult moved to quash the proceedings because the officer's return did not show that search was made and no personal property of defendant could be found. The motion was allowed, but on a subsequent day of the same term the order was set aside and the cause reinstated upon the docket, and the officer was allowed to make the amendment indicated, and a judgment of condemnation was entered and *venditioni exponas* ordered. From this judgment defendant Boult appealed to this court, and in 1877 this court affirmed the judgment below, and the land was sold, bought by complainants, and a deed made to them by the sheriff soon thereafter.

The deed from Shaw to Boult contained on its face no reservation of a lien for unpaid purchase money. But on April 15, 1875, W. Boult executed an instrument reciting the execution of a deed by Shaw to him in 1871 for the land in controversy; and as by omission or oversight it failed to · retain a lien for unpaid purchase money, and that it was the intention of the grantor and grantee that a special lien should be reserved for the purpose of carrying out the original intention, said " Boult agrees to correct, and does correct, said original deed," etc.

This instrument was acknowledged by Boult and registered the day of its execution. In June, thereafter, Payne filed his bill against Boult, exhibiting said instruments and his claims against Boult for purchase money, and praying for sale of said land for their satisfaction. Boult answered, and decree for sale was ordered, the sale was made and confirmed to Payne,

and a writ of possession ordered, when this bill was filed by complainants, claiming the fifty acres of land under the judgment of this court, and their purchase of said land and sheriff's deed to them.

The chancellor held that complainants had the superior title to the said fifty acres of land, and gave them a decree for its recovery and for costs, from which decree defendants appealed.

The Referees recommend an affirmance of the decree, and the defendants excepted. A single exception is filed, to the effect that the Referees report that said deed can not be reformed so as to operate by relation to its date in favor of the assignee of the vendor.

Even if it were conceded that, by proper proceedings, such correction could be made to the prejudice of a judgment creditor, who had previously established his lien, and effectuated it, there is no such reformation sought by any proper proceeding for that purpose. A court of equity has power to reform a deed, but the parties in interest must be before the court and have opportunity to be heard, and the case must be made out by full and satisfactory proof.

Payne, in his bill against Boult, assumed that his, Boult's, agreement, was equivalent to full and satisfactory proof, whereas it is a naked statement of one of two parties to the deed, and is not legal evidence of the facts stated in it, even if they were sufficient in proceedings for that purpose for correcting the deed. But the instrument does not say that it was intended that the lien should be retained upon the face of the

deed, and as reported by the Referees, the probability is that they supposed the recital of the vendor, on his assignment, would carry a lien, together with the recital on the face of the note, that the notes were given for the land.

The report of the Referees should be confirmed.